

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

November 4, 1964

Hon. Coke R. Stevenson, Jr.
Administrator, Texas Liquor
   Control Board
Austin, Texas

Opinion No. C-345

Re: Whether a Mexican Consul
stationed in a city in the
State of Texas must comply
with the provisions of the
Texas Liquor Control Act when
importing liquor into the State
of Texas for use by Consular of-
ficials.

Dear Mr. Stevenson:

     In your request for an opinion, you ask whether a
Mexican Consul stationed in a city in the State of Texas must
comply with the provisions of the Texas Liquor Control Act
when importing liquor into the State of Texas for use by Con-
sular officials.

     Although there are several provisions within Arti-
cle 666, Vernon's Penal Code, pertaining to the importation
of alcoholic beverages, it is our opinion that only Section
8 and Subsection 4 of Section 23(a) are germane to a Mexican
Consul's importation of alcoholic beverages for his own use.
Section 8 provides:

     "It shall be unlawful for military per-
    sonnel stationed in Texas or any resident of
    the State of Texas to import into this state
    more than one (1) quart of liquor unless he
    is the holder of a permit as provided in Sec-
    tion 4 (a) hereof. It shall further be unlaw-
    ful for any non-resident of the State of Texas
    to import into this state more than one (1)
    gallon of liquor. In addition to the penal-
    ties set out in Section 41 of this Act, any
    person violating any provision of this section
    shall forfeit the liquor so illegally imported
    to the Texas Liquor Control Board. It is fur-
    ther provided that any person importing any
    liquor into this state under the provisions of
    this section shall pay the state tax thereon as
    levied in Section 21, Article I, Texas Liquor
    Control Act, and affix thereto the required
    State Tax Stamps."

Subsection 4 of Section 23(a) provides:

> "It is provided that any military personnel stationed in Texas or any resident of the State of Texas may bring into this state not more than one (1) quart of liquor for his own personal use; and it is further provided that any non-resident of the State of Texas may bring into this state for his own personal use not more than one (1) gallon of liquor. In addition to the penalties set out in Section 41 of this Act, any person violating any provision of this section shall forfeit the liquor so illegally imported to the Board. It is further provided that any person importing any liquor into this state under the provisions of this section shall pay the state tax thereon as levied in Section 41, Article I, Texas Liquor Control Act, and affix thereto the required State Tax Stamps. . . ."

While the above provisions would appear to cover all those who might import for personal consumption, they are limited in the instant case by existing international treaties.

Article I, Section 2 of the Consular Convention between the United States of America and Mexico, Treaty Series 985, 57 Stat. 800, provides:

> "2. Consular officers of each High Contracting Party shall, after entering upon their duties, enjoy reciprocally in the territories of the other High Contracting Party all the rights, privileges, exemptions and immunities which are enjoyed by consular officers of the same grade of the <u>most favored nation</u>, there being understood by consular officers Consuls General as well as Consuls and Vice Consuls who are not honorary. As official agents, such officers shall be entitled to the high consideration of all officials national or local, with whom they have official intercourse in the State which receives them." (Emphasis supplied)

The "most favored nation" clause in a treaty between the United States and a particular foreign country may operate to confer on, or extend to, the nationals or officials representatives of such country rights, privileges or immunities in the United States which are not expressly conferred by such

treaty but which are conferred by treaty on the nationals or representatives of another foreign country; 87 C.J.S. 936, Treaties, Section 12.

In the Consular Convention between the United States of America and Ireland, T.I.A.S. 2984, 5 U.S.Treaties 949, Article 14 provides:

"(1)  All furniture, equipment, supplies, building materials and other articles, including vehicles, marine vessels and aircraft, intended for official use in the territory in connection with any of the purposes specified in paragraph (1) of Article 7 shall be permitted entry into the territory free of all taxes or duties imposed upon, or by reason of, importation.

"(2)  Baggage and effects and other articles, including vehicles, marine vessels and aircraft, imported into the territory by a consular officer or employee, provided that he fulfils (sic) the conditions specified in paragraph (4) of Article 13, exclusively for his personal use and the use of members of his family forming part of his household, shall be exempt from all taxes or duties, national, state, provincial, municipal, or other, imposed upon, or by reason of, importation, whether accompanying him to his consular post, either upon first arrival or upon subsequent arrivals, or subsequently consigned to him at his post and imported at any time while he is assigned to or employed at such post.

"(3)  It is, however, understood that
(a)  the receiving state may, as a condition to the granting of the exemption provided in this Article, require that a notification of any importation be given in such manner as it may prescribe;
(b)  the exemption provided in this Article, being in respect of articles imported for official or personal use only, does not extend, inter alia, to articles imported as an accommodation to others or for sale or for other commercial purposes. However, articles imported

as samples of commercial products solely for display within a consulate, shall not be regarded as excluded from the exemption provided in this Article;

(c) the receiving state may determine that the exemption provided by this Article does not apply in respect of articles grown, produced or manufactured in the territory which have been exported therefrom without payment of, or upon repayment of, taxes or duties, which would have been chargeable but for such exportation;

(d) nothing herein shall be construed to permit the entry into the territory of any article the importation of which is specifically prohibited by law.

"(4) Articles the importation of which into the territory is subject to quantitative restriction may be imported by a consular officer or employee over and above any quota or other quantitative limit applicable at the same times and on the same conditions as would have entitled them, had they been liable for any taxes or duties imposed upon, or by reason of, importation, to exemption therefrom under the foregoing provisions of this Article."

By means of the most favored nation clause in the United States--Mexico Treaty, the above privileges and immunities, with regard to taxes and quantitative limits in the Irish Treaty, are also granted to Mexico. We hold, therefore, that a Mexican Consul stationed in Texas is not controlled by the importation restrictions in the Liquor Control Act with regard to importing liquor for use by the Consular officers.

In light of Article 14, Section 3(a) of the Irish Treaty above, however, it does not appear unreasonable to require the Mexican Consulate to give notification of imports to the Texas Liquor Control Board.

## SUMMARY

A Mexican Consul stationed in a city in the State of Texas need not comply with the

provisions of the Texas Liquor Control Act
when importing liquor into the State of Texas
for use by Consular officials.

Respectfully submitted,

WAGGONER CARR
Attorney General of Texas

By: BRADY S. COLEMAN
Assistant Attorney General

BSC/lh

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Pat Bailey
Wayne Rodgers
Charles Swanner
Robert Norris

APPROVED FOR THE ATTORNEY GENERAL
BY: Roger Tyler